# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 2:05-cr-4-FtM-29DNF**

**ESPIRION J. ARELLANO,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration at the hearing held on April 20, 2005, on a motion to suppress.[1]  The Defendant is charged in a two count Indictment.  In Count One, the Defendant is charged with knowingly and willfully possessing with intent to distribute cocaine in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C) and 18 U.S.C. §2.  In Count Two, the Defendant is charged with possessing with intent to distribute 5 grams or more of cocaine base, crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and 18 U.S.C. §2.

| | |
|---|---|
| **MOTION:** | **MOTION TO SUPPRESS (Doc. No. 29)** |
| **FILED:** | **April 14, 2005** |
| | **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. |

---

[1] The Court heard legal argument on the motion.  The motion was based solely upon the sufficiency of the information found within the affidavit in support of the search warrant.

The Defendant contends that the affidavit in support of the search warrant for his place of employment does not contain probable cause, and the items seized from the search should be suppressed. He argues that the confidential informant's veracity and basis of knowledge were not known to the judicial officer, and the information concerning the undercover sale of narcotics at the Defendant's business was stale. The Government responds that the affidavit did contain sufficient facts to permit a judicial officer to find probable cause existed for the search of the Defendant's place of business. Further, the confidential informant's information was corroborated by the undercover sale that took place at the Defendant's business within thirty (30) days of the date of the warrant.

**The Affidavit in Support of the Warrant, and the Search Warrant**

Investigator Mark Williamson, a Deputy Sheriff with the Collier County Sheriff's Office appeared before the Honorable Eugene C. Turner, County Court Judge for the Twentieth Judicial Circuit on November 18, 2004 to obtain a search warrant for the premises known as the Wheel Outlet 3, located at 5640 Taylor Rd. #B2, Naples, Florida. (Exh. to Doc. 32). Investigator Williamson has been a Deputy Sheriff since 2000, and participated in several narcotics arrests. (Affid., Doc. 32, ¶1). Between the months of May and October 2004, Investigator Williamson received information that two Hispanic males known as Espirion Arellano and Fedencio Arellano were selling cocaine from the Wheel Outlet 3 located at 5640 Taylor Rd. #B2, Naples, Florida. (Affid., Doc. 32, ¶2). Within 30 days of the date of the affidavit, a confidential informant ("CI") purchased "suspect Cocaine" from this premises. (Affid., Doc. 32, ¶3). The undercover officer searched the CI prior to the controlled purchase and found the CI void of any contraband or money. (Affid., Doc. 32, ¶4A). An undercover officer gave the CI investigative funds, and the CI and officer went to the Wheel Outlet 3. (Affid.,

Doc. 32, ¶¶4B and 4C). An undercover officer saw the CI enter Wheel Outlet 3, and exit Wheel Outlet 3. (Affid., Doc. 32, ¶4D). The CI gave the undercover officer suspect crack cocaine which the officer field tested and received a positive reaction for the presence of cocaine. (Affid., Doc. 32, ¶¶4E and 4F). The CI told Investigator Williamson that he/she entered the Wheel Outlet 3, met with Fedencio Arellano, and purchased crack cocaine from him within the business. (Affid., Doc. 32, ¶4G). After the CI gave Investigator Williamson the contraband, Investigator Williamson searched the CI and found the CI to be void of any contraband or money. (Affid., Doc. 32, ¶4H).

Judge Turner issued the Search Warrant on November 18, 2004, finding probable cause existed to believe that there was a violation of law and that contraband was being concealed and stored at the Wheel Outlet 3 . The Search Warrant permitted the officers to search Wheel Outlet 3, its curtilage, vehicles and people believed to be involved in illegal activity. Further, if cocaine or evidence of criminal activity was found on the premises, then the search warrant authorized the officers to seize the evidence, and arrest any person who was in unlawful possession of it.

**Analysis**

The Defendant argues that the physical evidence seized from the Wheel Outlet 3 located at 5640 Taylor Rd. #B2, Naples, Florida should be suppressed based upon the lack of veracity of the confidential information and based upon the staleness of the information in the affidavit concerning the controlled buy. The Government responded that the confidential informant's information was similar to receiving a tip concerning criminal activity, and this tip was verified with the controlled purchase of contraband at the Wheel Outlet 3. Further, the controlled purchase occurred within thirty (30) days of the issuance of the search warrant, and this information was not stale.

An issuing judge must find probable cause to issue a search warrant. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." *U.S. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. at 238. Probable cause is not a rigid, technical standard, but rather, the court must consider factual and practical everyday life on which a reasonable and prudent man would act. *Id*. at 231. Probable cause turns on the assessment of probabilities. *Id*. at 232. . The standard of review of the issuing judicial officer's determination is whether he had a substantial basis for concluding that a search would undercover criminal activity. *Id*. at 236. The Court must grant great deference to the issuing judicial officer's determination of probable cause. *Id*.

**Veracity of Confidential Informant**

Applying the standard of whether there was a substantial basis in the record supporting the issuance of the warrant, the Court concludes that the affidavit established probable cause to allow Judge Turner to issue the search warrant. *See, U.S. v. Sweeting*, 933 F.2d 962, 964-65 (11th Cir. 1991). The affidavit provided that Investigator Williamson received information that two Hispanic males known as Espirion Arellano and Fedencio Arellano were selling cocaine from the Wheel Outlet 3

located at 5640 Taylor Rd. #B2, Naples, Florida between the months of May and October. The affidavit provided no information as to the veracity or reliability of the source of this information. The veracity of this source is not at issue because there was no information provided except a tip that contraband was being sold at this location. However, the officers then corroborated this tip by arranging for a controlled purchase of contraband at the location. The veracity of this confidential informant is not an issue since the affidavit describes the controlled nature of the purchase or buy. Further, it was the officers' idea to utilize this confidential informant for an undercover purchase as was described in the search warrant. Considering the totality of the circumstances, the Court concludes that Judge Turner's determination was correct that probable cause existed to support the search warrant finding that there was a fair probability of locating contraband or evidence at the Wheel Outlet 3.

### Staleness

The Defendant argues that the information in the affidavit in support of the search warrant is stale because the controlled purchase occurred within thirty (30) days prior to the date the search warrant was issued. He further argues that the affidavit does not show that there is probable cause to believe that there was contraband on the premises on the day of the search.

"We have developed a staleness doctrine in the context of probable cause which requires that the information supporting the government's application for a warrant must show that probable cause exists at the time the warrant issues." *U.S. v. Bervaldi*, 226 F.3d 1256, 1264 (11th Cir. 2000). To determine if the information in support of a search warrant is stale, courts must evaluate the facts in each particular case. *United States v. Harris*, 20 F.3d 445, 450 (11th Cir. 1994), *United States v.*

*Domme*, 753 F.2d 950, 953 (11th Cir. 1985)  "To satisfy the probable cause standard, the government 'must reveal facts that make it likely that the items being sought are in that place when the warrant issues.'" *Harris*, 20 F.3d at 450, citing *United States v. Domme*, 753 F.2d 950, 953 (11th Cir. 1985) Probable cause must exist when the magistrate judge issues the search warrant and the information supporting the government's application must be timely. *Harris*, 20 F.3d at 450.  If an application for a warrant is based upon stale information then it fails to create probable cause that similar or other criminal conduct is continuing. *Id*., citing *United States v. Bascaro*, 742 F.2d 1335, 1345 (11th Cir. 1984)

When conducting a case-by-case determination, courts may consider "the maturity of the information, nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched." *Harris*, 20 F.3d at 450, (citations omitted).  Information is not stale if the government affidavit "updates, substantiates or corroborates the stale material." *Id*., citing *Bascaro*, 742 F.2d at 1346, *see also*, *United States v. Jiminez,* 224 F.3d 1243, 1249 (11th Cir. 2000), *United States v. Magluta*, 198 F.3d 1265, 1272 (11th Cir. 1999).

Between May and October 2004, Investigator Williamson received information that two Hispanic males known as Espirion Arellano and Fedencio Arellano were selling cocaine from the Wheel Outlet 3 located at 5640 Taylor Rd. #B2, Naples, Florida. Within 30 days of the date of the affidavit, a confidential informant conducted a controlled purchase of contraband from this premises. The controlled purchase corroborated the confidential informant's tip that contraband was being sold at the Wheel Outlet 3.  The information was that of an ongoing criminal enterprise.  The search warrant was issued on November 18, 2005.  The Court finds that the information in the affidavit in

support of the search warrant was not stale. The affidavit contained probable cause that the Wheel Outlet 3 was being used by the Defendant to sell contraband.

**Conclusion**

The Court respectfully recommends that the Motion to Suppress be denied and the items seized from Wheel Outlet 3 not be suppressed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this April _28th_, 2005.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record

-7-