# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**ESPIRION L. ARELLANO,**

        **Petitioner,**

-vs-                                      Case No.   2:06-cv-605-FtM-29DNF
                                                                    2:05-cr-4-FtM-29DNF

**UNITED STATES OF AMERICA,**

        **Respondent.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause is before the Court on the Petitioner, Espirion L. Arellano's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1) filed on November 8, 2006.  On December 11, 2007,  the Honorable John E. Steele, United States District Judge entered an Order (Doc. 7) which referred the Petitioner's Motion to Vacate, Set Aside Or Correct Sentence "for the purposes of holding an evidentiary hearing and submitting a report and recommendation regarding the appropriate disposition" of Ground II which is the issue of whether the Petitioner received ineffective assistance of counsel by his counsel's failure to file a Notice to Appeal. (Doc. 7, p. 10).  An evidentiary hearing was held on February 21, 2008, and the evidence was limited to this issue.  The Court appointed attorney Mark J. O'Brien to represent the Petitioner.

## I. History of Case

The Petitioner was charged in a two count Indictment. In Count One, the Petitioner was charged with possession with intent to distribute a detectable amount of cocaine in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C), and 18 U.S.C. Section 2. In Count Two, the Petitioner was charged with possession with intent to distribute 5 grams or more of a substance containing a detectable amount of crack cocaine in violation of 21 U.S.C. §841(a)(1), 841(b)(1)(B)(iii), and 18 U.S.C. Section 2. (See, Doc. 1 in the criminal case[1]). Attorney David Brener was appointed to represent the Petitioner in the criminal case. On July 12, 2007, the Petitioner entered a plea of guilty pursuant to a Plea Agreement (Doc. 69 in the criminal case). He plead guilty to Counts One and Two of the Indictment. A Judgment was entered on October 31, 2007, and the Petitioner was sentenced to 108 months as to Count One, and 108 months as to Count Two, each term to be served concurrently. (Doc. 79, p. 2, in the criminal case). The Petitioner was also sentenced to 3 years Supervised Release on Count One, and five years supervised release on Court Two, to be served concurrently. (Doc. 79, p. 3, in the criminal case).

## II. Testimony

The Government presented the testimony of David Brener. The Petitioner presented the testimony of Jennifer Arellano and the Petitioner testified on his own behalf.

### A. Testimony of David Brener

Mr. Brener testified that he is an attorney and was appointed by the Court to represent the

---

[1] The criminal case number is 2:05-cr-4-FtM-29DNF.

Petitioner in his underlying criminal case. (Tr.[2] p, 5-6).    The Petitioner entered a plea of guilty, and Mr. Brener represented him through sentencing.  Immediately after sentencing, the Petitioner told Mr. Brener that he was not happy with the sentence and wanted to appeal. (Tr. p. 6-7).  Mr. Brener testified that he told the Petitioner that based upon the waiver in the Plea Agreement and that the Petitioner was sentenced within the guidelines, there was no basis for an appeal. (Tr. p. 7).  Mr. Brener testified that the Petitioner accepted his assessment of the issues regarding an appeal, and the Petitioner did not make any further requests, either orally or writing, that he wanted Mr. Brener to file an appeal of his case. (Tr. p. 7).  Mr. Brener did receive correspondence from the Petitioner in 2007 asking Mr. Brener to arrange a meeting with the Government so that the Petitioner could cooperate and possibly receive a Rule 35. (Tr. p. 7-8).  This correspondence contained no mention of an appeal.  (Tr. p. 8). Mr. Brener had no recollection after the day of sentencing of discussing the issue of appeal with the Petitioner. (Tr. p. 8).  Mr. Brener was contacted by an alleged relative of the Petitioner who requested copies of certain documents, but again there was no mention of an appeal. (Tr. p. 8-9).   Mr. Brener testified that if the Petitioner had insisted on appealing his case, Mr. Brenner would have pursued an appeal.  (Tr. p. 10-11).  Mr. Brener testified that he would have told the Petitioner that the decision was the Petitioners, and he would have filed an appeal even though he thought it was meritless. (Tr. p. 10-11).

On cross-examination, Mr. Brener testified that he did not obtain a written waiver from the Petitioner regarding waiving his right to appeal.  (Tr. p. 12).  Mr. Brener did not recall taking any collect calls from the Petitioner after sentencing . (Tr. p. 15-16, 18).  Mr. Brener did not make any

---

[2] "Tr." refers to the transcript (Doc. 15) of the evidentiary hearing held on February 21, 2008.

notes in his records that the Petitioner did not want to appeal. (Tr. p. 12). After sentencing, the Petitioner did tell Mr. Brener that he would like to appeal or could we appeal, but Mr. Brener told him an appeal has no merit and the Petitioner accepted his appraisal of the situation. (Tr. p. 14-15).

**B. Testimony of Espirion Arellano**

The Petitioner testified that on October 31, 2005, the day of his sentencing, the judge told him that he had ten (10) days to file his direct appeal. (Tr. p. 25). The Petitioner talked to Mr. Brener and told him he wanted to file a direct appeal. (Tr. p. 25). Mr. Brener told the Petitioner that it would be no problem to file the appeal, he would take care of it, and he would visit the Petitioner either downstairs in the courthouse or at the jail. (Tr. p. 25-26). Mr. Brener told the Petitioner that he would file the paperwork for him. (Tr. p. 26). Mr. Brener never visited the Petitioner while he was in the courthouse or at the jail. (Tr. p. 26, 28, 29, 30).

On November 1, 2005, the Petitioner called Mr. Brener collect and spoke with his secretary. (Tr. p. 27). The secretary told the Petitioner that Mr. Brener was not available. (Tr. p. 27). The Petitioner called Mr. Brener two or three times that day, never spoke to Mr. Brener, and left messages each time with the secretary that the calls were concerning his direct appeal and he wanted Mr. Brener to visit him to discuss the direct appeal. (Tr. p. 27-28). The Petitioner called again on November 2, 2005 and on November 3, 2005, leaving messages each time that the calls were concerning his direct appeal. (Tr. p. 29-30). The secretary told the Petitioner that she would leave a message for Mr. Brener. (Tr. p. 29). On November 4, 2005, the Petitioner called again and spoke with Mr. Brener asking why Mr. Brener had not visited him and the status of his direct appeal. (Tr. p. 30-31). The Petitioner testified that Mr. Brener told him that he would not file a direct appeal because there were no grounds to appeal, and that if the Petitioner wanted to file a direct appeal, he would have to do it

himself. (Tr. p. 31). On November 5, 2005, the Petitioner called his wife and asked her to contact Mr. Brener to have him file a direct appeal. (Tr. p. 32).

### C. Testimony of Jennifer Arellano

Mrs. Arellano testified that she is the wife of the Petitioner. (Tr. p. 45). She was present at the sentencing held on October 31, 2005. (Tr. p. 45). After the sentencing, she made several telephone calls to Mr. Brenner leaving messages asking for him to get in touch with her to discuss the case and regarding the filing of an appeal for the Petitioner. (Tr. p. 45, 46). She called Mr. Brener three or four times, but he never returned the calls. (Tr. p. 45-46).

### III. Analysis

The Supreme Court held in *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the defendant. *Id*. at 694. To determine if counsel was deficient in failing to file a notice of appeal, a court must first ask: "whether counsel in fact consulted with the defendant about an appeal. We employ the term 'consult' to convey a specific meaning – advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). If counsel did consult with his client, then the question of whether counsel's performance is ineffective can be answered as follows: "Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instruction with respect to an appeal." *Id*. The defendant is not required to establish that his direct appeal has merit, he is only required to show that "his counsel's constitutionally deficient performance

deprived him of an appeal he would have otherwise taken - i.e., the defendant expressed to his attorney a desire to appeal." *McElroy v. United States*, 2007 WL 4393955, *1 (11th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. at 484, and *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005)).

If counsel fails to consult with his client, then the court must inquire into whether this failure to consult constitutes a deficient performance. *Id*. "This duty to consult arises when either '(1) any rational defendant would want to appeal, or (2) his particular client reasonably demonstrated an interest in appealing.'" *McElroy v. United States*, 2007 WL 4393955, *1 (11th Cir. 2007), (citing *Gomez-Diaz v. United States,* 433 F.3d 788, 792 (11th Cir. 2005) and quoting *Flores-Ortega*, 528 U.S. at 480).

One other factor to be considered by the Court is whether the defendant entered a plea of guilty or went to trial. *Flores-Ortega*, 528 U.S. at 480. If the defendant entered a plea of guilty, then the scope of the issues to be appealed is lessened. *Id*. However, even if the defendant contractually waived the right to appeal, counsel may be ineffective for not filing a notice of appeal when directed to by the defendant because the merits of an appeal are not to be considered when determining whether an out-of-time appeal should be permitted. *Gaston v. United States*, 237 Fed.Appx. 495, 497 (11th Cir. 2007). Prejudice is presumed when counsel fails to file a notice of appeal when requested by a defendant. *Id.* at 496 (citing *Flores-Ortega*, 528 U.S. at 483). If the Court determines that counsel was ineffective for not filing a notice of appeal, then the court must vacate the judgment, reimpose the same sentence, and inform the defendant of his right to appeal and that he has ten days in which to file a notice of appeal. *Id* at 497.

In the instant case, the Petitioner was adamant that he requested that Mr. Brener file a notice of appeal in his case. He testified that he tried repeatedly to contact Mr. Brener and was able to speak

to him only once and reiterated that he wanted Mr. Brener to file an appeal for him. Mrs. Arellano also testified that she attempted to contact Mr. Brener repeatedly during the ten (10) day period leaving messages regarding her husband's case and an appeal, but no calls were returned. Mr. Brener testified that immediately after sentencing, the Petitioner did ask that he file a notice of appeal, but then his recollection was that the Petitioner accepted the fact that any appeal would be without merit. Mr. Brener has little recollection of the contacts made with the Petitioner after sentencing and has no notes regarding any contacts that he did have. Based upon the Petitioner and Mrs. Arellano's testimony, the Court determines that Mr. Brener did consult with the Petitioner after sentence and advised him of the disadvantages of filing an appeal. The Petitioner made his wishes known that he wanted to file an appeal in his case, but no notice of appeal was filed. Therefore, the Court concludes that Mr. Brener was ineffective in not filing a notice of appeal.

### IV. Conclusion

The Court determines that Mr. Brener was ineffective in not filing a notice of appeal and therefore respectfully recommends that Ground II of the Petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be granted and recommends the following:

1. The Judgment in Case No. 2:05-cr-4-FtM-29DNF be vacated;

2. The District Court impose the same sentence; and

3) The District Court inform the Petitioner of his right to appeal and that he has ten days in which to file a notice of appeal.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __10th__ day of March, 2008.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record